CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

January 20, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SIDNEY LOWEL BOWMAN, JR., Plaintiff, | ) | Civil Action No. 7:24-cv-00475 |
| v. | ) | |
| LARRY COLLINS, *et al.*, Defendants. | ) | By: Elizabeth K. Dillon, Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Sidney Lowel Bowman, Jr., a Virginia inmate acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983. His amended complaint alleges a variety of claims, including under the Religious Land Use and Institutionalized Persons Act (RLUIPA), the First, Eighth, and Fourteenth Amendments, a conspiracy claim, and a state law assault and battery claim. (Am. Compl., Dkt. No. 43.) Defendants move to dismiss, or in the alternative, to sever this action into five separate lawsuits. (Dkt. No. 48.) Bowman opposes this motion. (Dkt. No. 62.)

For the reasons stated below, the court will grant defendants' motion to sever.

**I. Plaintiff's Allegations**

Bowman's amended complaint alleges five distinct claims or types of claims against sixteen total named defendants. Two of these defendants, L. Hall and Tipton, have not been served or appeared in this action.

First, Bowman alleges retaliation for taking a legal phone call. (Am. Compl. at 5–7.) On August 20, 2023, Bowman was on a phone call with an attorney and Officer Mullins[1] told him to get off the phone. When Bowman refused, Mullins unplugged the phone. On September 6, 2023, Bowman alleges that defendant Fleming told plaintiff he needed to withdraw his grievance

[1] Mullins is not named as a defendant by Bowman.

about this incident against Mullins. Bowman did not withdraw the grievance, and as a result, Bowman received a disciplinary charge authorized by defendant Larry Collins.

Second, Bowman alleges that several defendants used excessive force against him during recreation on September 7, 2023. (Am. Compl. 7–12.) Plaintiff alleges that he was threatened in his recreation cage and defendant Jones struck him in the face with a mace canister, while others stood by and did not intervene.

Third, Bowman alleges that he was denied access to religious services on September 18, 2023, when he was placed in a mental health cell without television access to participate in an Islamic program. (*Id* at 12–14.)

Fourth, plaintiff alleges that defendant Williams filed a false disciplinary charge against him based on a complaint he had filed against Officer Mullins. (*Id.* at 14–16.)

Fifth and finally, Bowman alleges that he was harassed and verbally abused while recovering in the medical unit from a double anal fistulotomy. (*Id.* at 16–17.)

**II. Severance**

Based upon a review of the amended complaint, and upon review of the defendants' motion to sever, the court concludes that Bowman's claims and defendants are misjoined. *See* Fed. R. Civ. P. 18, 20. A plaintiff may only join different defendants in the same suit if the claims against them arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). Thus, where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper. *See Moore v. Squire*, Civil Action No. 7:23-cv-00439, 2023 WL 5095696, at *1 (W.D. Va. Aug. 9, 2023).

Bowman appears to contend that the "root cause" of his claims is his refusal to withdraw

his grievance, which led to all the actions alleged in his complaint. (Dkt. No. 62.) It is clear to the court, however, that his claims are distinct and unrelated. For example, plaintiff's claim that he was denied access to an Islamic religious broadcast is unrelated to his claim of excessive force. These claims are similarly unrelated to the remaining claims delineated herein by the court.

Even if there were no misjoinder, however, the court concludes that allowing all of these claims to proceed in a single suit would make that lawsuit unwieldy and inefficient and would effectively allow Bowman to challenge different aspects of his incarceration and unrelated actions by various defendants in a single omnibus suit, in violation of the purposes of the Prison Litigation Reform Act (PLRA). Moreover, Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 361 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties.").

**III. Order**

It is HEREBY ORDERED that defendants' motion to sever (Dkt. No. 48) is GRANTED. The Clerk is DIRECTED to open 4 new cases and to conditionally file a copy of the amended complaint (Dkt. No. 43) in the new cases, along with a copy of this memorandum opinion and order. In each new civil action, the Clerk is further DIRECTED to include in the first docket entry, in bold type, the page numbers that will constitute that particular case.

The Clerk also shall docket Bowman's Statement of Assets and Prisoner Trust Account Report (Dkt. Nos. 3, 4) in the new cases, and issue conditional filing orders requiring Bowman (if he intends to go forward with the claim(s) in that case) to consent to collection of an initial payment of $22.38 and, over time as funds are available, the remainder of the $350 filing fee for

that case. Lastly, the Clerk also shall send Bowman a copy of a docket sheet in each case to give him clear notice of the new case numbers and the content of each case.

The subject-matter of each case shall be as follows:

1. This case shall involve the allegations on pages 5 through 7 (paragraphs 1 through 4) of the amended complaint. These allegations are that defendants Fleming and Collins retaliated and conspired against plaintiff by filing a disciplinary charge against him for filing grievances against Officer Mullins when Mullins unplugged the telephone that plaintiff was speaking on with an attorney on August 30, 2023. The defendants in this action are Fleming and Collins.

2. New Lawsuit **One** shall involve Bowman's allegations on pages 7 through 12 (paragraphs 5 through 16) of the amended complaint that plaintiff was assaulted during recreation time on September 7, 2023. The defendants to this action are Jones, Hall, Franklin, Turner, Bentley, Smith, Collins, Fleming, Gardner, Dotson, Steffey, Tackett, L. Hall, and Tipton.

3. New Lawsuit **Two** shall involve Bowman's allegations on pages 12 through 14 (paragraphs 17 through 22) of the amended complaint that his religious exercise rights were violated by failing to provide plaintiff with a television to view an Islamic religious program. The defendants to this action are Collins and Duncan.

4. New Lawsuit **Three** shall involve Bowman's allegations on pages 14 through 16 (paragraphs 23 through 27) of the amended complaint that he received a retaliatory disciplinary charge on October 27, 2023. The defendant in this action is Williams.

5. New Lawsuit **Four** shall involve the allegations on pages 16 and 17 (paragraphs 28 through 30) of the amended complaint that he was harassed and accosted in the medical unit on May 14, 2024. The defendants to this action are Jones and Fleming.

If Bowman does not want to pursue any of the new cases, he may file a motion voluntarily dismissing that lawsuit. Bowman should carefully consider which cases and claims to pursue. If he elects to proceed with a case, and the claims in it are later dismissed as frivolous or for failure to state a claim, that dismissal will likely count as a "strike" for purposes of the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) (holding that a dismissal of a suit for failure to state a claim whether with or without prejudice, counts as a strike under the PLRA).

The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Bowman and to all counsel of record.

Entered: January 20, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge